11th Court of Appeals
Eastland, Texas
Opinion
 
John David Lopez, II
            Appellant
Vs.                  No. 11-04-00079-CR -- Appeal from Palo Pinto County
State of Texas
            Appellee
 
            The jury convicted John David Lopez, II of delivery of amphetamine and assessed his
punishment at confinement for 20 years and a $10,000 fine. Appellant’s counsel has filed a motion
to withdraw as appellate counsel and has accompanied the motion with a frivolous appeal brief. See
Anders v. California, 386 U.S. 738 (1967). We grant appellate counsel’s motion to withdraw and
affirm the judgment of the trial court. Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).
            In his brief, counsel concludes, after a professional and conscientious examination and
evaluation of the record, that the appeal is wholly frivolous and that there are no clear errors which
were preserved for appeal. In accordance with Anders, counsel does, however, present one issue that
he says might be arguable on appeal: that appellant received insufficient notice of the trial setting.
            Counsel has furnished appellant with a copy of the brief and motion and has advised
appellant of his right to file a pro se brief. The time allotted for appellant to file a pro se brief has
expired, and he has not filed a pro se brief. Counsel has complied with Anders v. California, supra;
Stafford v. State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807
(Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State,
supra. See Eaden v. State, ___ S.W.3d ___ (No. 11-03-00405-CR, Tex.App. - Eastland, February
10, 2005)(not yet reported).
            As required by Anders and its progeny, we have conducted an independent examination of
the proceedings and have determined that the issue presented by counsel is not arguable and that this
appeal is wholly frivolous. See Eaden v. State, supra.
            The same trial counsel represented appellant on four felony charges. Appellant was
convicted on one of the charges in 2001. In 2003, after appellant had been released from
confinement for that conviction, notice was given to appellant that one of the four cases that had
been filed against him earlier, charging appellant with the possession of a firearm by a felon, was set
for trial. There were pretrial hearings on that case in December 2003 and January 2004. At those
pretrial hearings, appellant announced that he was ready for trial. On December 22, 2003, and again
on February 17, 2004, appellant was notified that the State intended to introduce evidence of the
present offense as well as others. On February 24, 2004, appellant filed a motion for continuance. 
On February 25, 2004, appellant received notice that the case now before this court was set for trial
on March 1, 2004. At the hearing on the motion for continuance, the trial court asked trial counsel
“what [had] changed about this case since [he had] announced ready [in] December” and if there was
“any new evidence or new witnesses to investigate or any new physical evidence.” Counsel told the
trial court that he was not aware of any. We note that appellant had been under indictment and had
been represented by the same trial counsel in this case for over two years when the case went to trial. 
The trial court denied the motion for continuance. The issue raised by appellate counsel is not one
which is arguable on appeal. The appeal is wholly frivolous.
            Counsel’s motion to withdraw is granted, and the judgment of the trial court is affirmed.
 
                                                                                    PER CURIAM
 
February 10, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.